UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THEODORE HOOKS,

           Plaintiff,

   v.

TREASURE ISLAND, LLC,

          Defendants.

Case No. 2:25-cv-01948-JAD-EJY

**ORDER**

Plaintiff is appearing in this action *pro se* and has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*.  ECF No. 1.  Plaintiff also submitted a Complaint attached to his *in forma pauperis* application.  ECF No. 1-1

**I.**     ***In Forma Pauperis* Application**

Plaintiff's application to proceed *in forma pauperis* is complete and demonstrates an inability to prepay filing fees and costs or give security for the same.  Thus, Plaintiff is granted *in forma pauperis* status under 28 U.S.C. § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Plaintiff's Complaint**

In his Complaint, Plaintiff alleges race discrimination, retaliation, and wrongful termination in violation of public policy. Plaintiff's public policy claim arises from the exercise of rights under Nevada's worker's compensation scheme. With respect to his Title VII claims, Plaintiff pleads facts demonstrating exhaustion of administrative remedies and timely filing of the instant action.

a.    <u>Wrongful Termination</u>.

Nevada recognizes a claim for wrongful termination in violation of public policy when an individual alleges, and ultimately proves, termination in retaliation for exercising worker's compensation rights. *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984); *see also Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 885-86 (Nev. 1999). "To prevail, the employee must be able to establish that his dismissal was based upon the employee[] … engaging in conduct which public policy favors." *Bigelow v. Bullard,* 901 P.2d 630, 632 (Nev. 1995). "[R]ecovery for retaliatory discharge under state law may not be had upon a 'mixed motives' theory; thus, a plaintiff must demonstrate that his protected conduct was *the* proximate cause of his discharge." *Allum v. Valley Bank of Nev.,* 970 P.2d 1062, 1066 (Nev. 1998) (emphasis in original). Here, Plaintiff alleges he engaged in activity related to initiating a worker's compensation claim (filing C1 injury form) and

2

sixteen days later he was terminated. Plaintiff also offers that he has been employed for fourteen years, with an unblemished record, prior to the event. While these allegations are slim, a liberal reading of Plaintiff's Complaint, which is applied to this *pro se* litigant's Complaint, militates in favor of allowing this claim to proceed.

b.    Plaintiff's Race Discrimination Claim.

To state a *prima facie* case of race discrimination in violation of Title VII, Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job for which he applied; and (c) he was subjected to an adverse employment action. *See Shepard v. Marathon Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, at *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). While more favorable treatment of those outside the protected class is one way to state a prima facie case, Plaintiff may alternatively offer evidence that gives rise to an inference of unlawful discrimination. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004) (To establish a prima facie case of discrimination under Title VII, the plaintiff must show: "(1) he is a member of a protected class; (2) he was qualified for [his] position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination."). Here, Plaintiff alleges facts demonstrating he is a member of protected class; he had a 14 year "unblemished" employment record at the time of termination; he was terminated for reasons contrary to what his supervisor found in her investigation; and the totality of the circumstances surrounding his termination give rise to an inference of unlawful discrimination. These facts, albeit not robust, are sufficient to state a *prima facie* race discrimination claim. Thus, Plaintiff's race discrimination claim may proceed.

c.    Plaintiff's Retaliation Claim.

To state a retaliation claim, Plaintiff must allege: (1) he engaged in activity protected under Title VII; (2) the employer subjected Plaintiff to an adverse employment action; and (3) there is a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). Plaintiff does not state a claim of retaliation under Title VII

because there is no protected activity alleged other than filing a worker's compensation claim. Exercising worker's compensation rights is not activity protected under Title VII. More specifically, protected activity under Title VII includes (1) opposing employment practices prohibited under Title VII, or (2) filing a charge, testifying, assisting, or participating in any way in an investigation, proceeding or hearing under this statutory scheme. 42 U.S.C. § 2000e–3(a). Title VII identifies protected classes as sex, race, religion, color, and national origin. *See* 42 U.S.C. § 2000e-2(a). Exercising rights related to worker's compensation is not a practice protected by Title VII. Therefore, Plaintiff does not allege facts stating a prima facie claim of retaliation under Title VII. Despite the failure, the Court finds it is possible for Plaintiff to amend his Complaint to state a retaliation claim based on protected activity under Title VII. Thus, the Court dismisses Plaintiff's retaliation claim without prejudice and with leave to amend.

**IV.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas or other costs associated with discovery.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's race discrimination and wrongful termination claims may proceed against Treasure Island.

IT IS FURTHER ORDERED that Plaintiff's retaliation claim is dismissed without prejudice, but with leave to amend. If Plaintiff so chooses, he may file an amended complaint no later than **November 11, 2025**. If Plaintiff files an amended complaint he must include all claims on which he seeks to proceed. Failure to include a claim in an amended complaint will mean that claim will no longer go forward as the amended complaint supersedes (replaces) the original Complaint and the original Complaint no longer has any effect. If Plaintiff chooses not to file an amended complaint, the original Complaint will be the operative complaint and will proceed against Treasure

4

Island on Plaintiff's race discrimination and wrongful termination in violation of public policy arising from the exercise of worker's compensation rights.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Treasure Island, LLC and deliver the same, together with a copy of Plaintiff's Complaint (ECF No. 1-1), and this Order to the U.S. Marshal Service for service upon the Defendant.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form, which Plaintiff **must** complete to the best of his ability and return to the U.S. Marshal Service no later than **November 3, 2025**, at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the identity and address for Treasure Island, LLC's registered agent upon whom service of his Complaint should be made. Plaintiff's is advised that failure to return the USM-285 will prevent service on Treasure Island.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service on Treasure Island, LLC no later than twenty-one (21) days after it receives the USM-285 form from Plaintiff. Service **must be on the registered agent and not on a secretary or other employee of Treasure Island unless that individual states he/she is authorized to accept service**. Service **must** include the summons, Plaintiff's Complaint, and a copy of this Order.

DATED this 21st day of October, 2025.


ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5